USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 7 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE PUDA COAL SECURITIES INC.,
et al. LITIGATION

This document relates to: ALL ACTIONS

------------------------------------------------------------X

11 Civ. 2598 (KBF)
and all member and related cases

ORDER

KATHERINE B. FORREST, District Judge:

On October 1, 2013, this Court denied Trellus Management Company LLC's motion to intervene in this action. (ECF Nos. 176, 263.) On October 28, 2013, Trellus appealed that decision to that Second Circuit. (ECF No. 272.) On February 4, 2014, Trellus then moved for an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a)(3), in which it requested this Court to vacate its prior denial of intervention and grant it on the basis of a "smoking gun" document, the "Kroll report," which—had it been discovered earlier—would have provided reason to grant Trellus's motion for intervention. (ECF No. 288.) On February 21, 2014, the Court granted that motion. (ECF No. 305.) On March 10, 2014, the Court held a conference regarding Trellus's intervention and whether Federal Rules of Civil Procedure 15, 17, and 19 provided means for Trellus to enter the case. (ECF No. 332.) On March 17, 2014, the parties submitted additional letter briefing on those issues. (ECF Nos. 326–329.) On March 18, 2014, the Court stated that it would allow Trellus to assert claims as a party plaintiff pursuant to several Federal Rules of Civil Procedure,

including Rules 15, 17, 19, and 21. (ECF No. 331.) On April 2, 2014, the Second Circuit granted plaintiff's motion to remand the appeal to this Court to permit the Court to grant Trellus's motion to intervene. (ECF No. 343.)

The Court now deems Trellus's motion for an indicative ruling to be a motion to vacate pursuant to Rule 60(b) and grants that motion for the following reasons.

As the Court set forth in its order of February 21, 2014, this case presents "unusual circumstances militating for . . . a finding of timeliness" of Trellus's initial motion to intervene. MasterCard Int'l Inc. v. Visa Int'l Serv. Assoc. Inc., 471 F.3d 377, 389 (2d Cir. 2006). Macquarie produced the Kroll report, which plaintiffs claim gives rise to liability under section 10(b) of the Securities Exchange Act of 1934, after it had already exited the action. Trellus has represented that, if Macquarie had produced the document in June 2013, it would have named Macquarie in a section 10(b) claim. The prejudice to Trellus and the class members if Trellus were excluded from this action could therefore be significant enough to render intervention timely. See id.

For these reasons, the Court vacates its prior decision and grants Trellus's motion to intervene due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" to amend the initial decision. Fed. R. Civ. P. 60(b)(2). Plaintiffs had previously been unable to obtain the document "despite due diligence," United States v. IBT, 247 F.3d 370, 392 (2d Cir. 2001), because the Court had granted a stay of merits discovery pertaining to Macquarie before ruling on its summary judgment motion. Furthermore, this

2

evidence was "of such importance that it probably would have changed the outcome" of the denial of intervention. Id.

Accordingly, pursuant to Rule 60(b), this Court vacates the portion of the October 1, 2013 opinion denying Trellus's motion for intervention. (ECF No. 263.) Trellus's motion to become a party plaintiff is GRANTED pursuant to several Federal Rules of Civil Procedure, including Rules 15, 17, 19, and 21.

SO ORDERED.

Dated:  New York, New York
        April 7, 2014

*K. B. Forrest*

KATHERINE B. FORREST
United States District Judge