

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NY 10281-1022

SHELDON L. POLLOCK
212 336 0502
POLLOCKS@SEC.GOV

April 14, 2014

### VIA E-MAIL AND OVERNIGHT COURIER

Hon. Katherine B. Forrest, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 730
New York, New York 10007

Re:   SEC v. Zhao and Zhu, 12 Civ. 1316 (KBF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 1 5 2014

Dear Judge Forrest:

    We represent plaintiff United States Securities and Exchange Commission ("Commission") and are writing to provide the Court with a further status report regarding our efforts to serve the Complaint and Summonses on the two defendants in the above-referenced action, which was filed on February 22, 2012. Both defendants are located in the People's Republic of China ("China"). As described in our prior status reports, the Commission undertook to serve the defendants pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure, which permits service through the procedures outlined in the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters ("Hague Convention"). This process required, among other things, translating the Complaint and Summonses and sending the documents along with a cashier's check to China's Ministry of Justice ("MoJ").

    As the Court is aware from our prior status reports, the MoJ received the first completed package of information from the Commission on April 13, 2012. In early 2013, the MoJ returned to us the service packages we had provided for both of the defendants, indicating that defendant Ming Zhao ("Zhao") "refused to accept the documents" at his residence and that defendant Liping Zhu no longer resided at the address listed on his state identification card.

    Following the service packages being returned to the staff, we again attempted service on the defendants through the Hague Convention protocols given that the plaintiffs in a related private action pending before the Court (11-cv-02598), appeared to have been successful in serving defendant Zhao at the corporate office for Puda Coal, Inc. in China. On April 12, 2013, the Commission sent new Hague Convention service packages to the MoJ with additional instructions.

Hon. Katherine B. Forrest                  2                  April 14, 2014

On March 14, 2014, we informed the Court that we had heard nothing further from the MoJ. However, the Commission's Office of International Affairs ("OIA") recently received a response from the MoJ. The MoJ official stated, "Sorry for the late reply. All the cases are still in the process of service. We are waiting for the results coming back from the court too. Once we have it, we will let you know the first thing."

Based on this response, the Commission believes that giving a few additional months to effect service through the Hague Convention process makes sense. Nonetheless, the Commission does not believe we can wait indefinitely for the MoJ to attempt to effect service. As such, if the Commission's papers have not been served by September 1, 2014, the Commission will notify the Court and file a motion for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure within thirty days thereafter, on or before September 30, 2014.

Respectfully,

*[signature]*

Sheldon L. Pollock

---

**Ordered**

The SEC to notify the Court of the status of service efforts not later than 9/30/14.

4/14/14

K.B. Forrest
US DJ