

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NY 10281-1022

SHELDON L. POLLOCK
212 336 0502
POLLOCKS@SEC.GOV

September 19, 2014

### VIA E-MAIL AND OVERNIGHT COURIER

Hon. Katherine B. Forrest, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 730
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 2 2014
```

Re: SEC v. Zhao and Zhu, 12 Civ. 1316 (KBF)

Dear Judge Forrest:

    We represent plaintiff United States Securities and Exchange Commission ("Commission") and are writing to provide the Court with a further status report regarding our efforts to serve the Complaint and Summonses on the two defendants in the above-referenced action, which was filed on February 22, 2012. Both defendants are located in the People's Republic of China ("China"). As described in our prior status reports, the Commission undertook to serve the defendants pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure, which permits service through the procedures outlined in the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters ("Hague Convention").

    As the Court is aware from our prior status reports, China's Ministry of Justice ("MoJ") received the first completed package of information from the Commission on April 13, 2012. In early 2013, the MoJ returned to us the service packages we had provided for both of the defendants, indicating that defendant Ming Zhao ("Zhao") "refused to accept the documents" at his residence and that defendant Liping Zhu no longer resided at the address listed on his state identification card.

    Following the service packages being returned to the staff, we again attempted service on the defendants through the Hague Convention protocols given that the plaintiffs in a related private action pending before the Court (11-cv-02598), appeared to have been successful in serving defendant Zhao at the corporate office for Puda Coal, Inc. in China. On April 12, 2013, the Commission sent new Hague Convention service packages to the MoJ with additional instructions.

    On April 14, 2014, we informed the Court that the Commission's Office of International Affairs ("OIA") had received a response from the MoJ wherein the MoJ official stated in part,

Hon. Katherine B. Forrest                        2                        September 19, 2014

"All the cases are still in the process of service. We are waiting for the results coming back from the court too. Once we have it, we will let you know the first thing." Based on this development, the Court ordered the Commission to notify the Court of the status of service efforts no later than September 30, 2014. As of today, the Commission has still not received notice from the MoJ that the Summons and Complaint have been served on the defendants.

On August 21, 2014, OIA staff reached out to the MoJ to ascertain the status of service and received no response. On September 8, 2014, OIA staff again contacted the MoJ and were told that the documents had not been served and that the MoJ would contact OIA once the MoJ had any information. OIA staff thereafter asked the MoJ official if it would be possible to contact the local court to find out the status of the papers since it had been over a year since the documents were provided to the MoJ. The MoJ official responded by stating, "I will try to give the Supreme Court a call to ask about details. But they have been out of town a lot recently so I am not sure if I could reach anybody there. I will let you know once I obtain any information from them. Thank you."

The Commission believes that it has made a good faith effort to serve the defendants pursuant to Rule 4(f)(1) and has reached the conclusion that, in this case, the Hague Convention process simply does not appear to be a viable mechanism to effect service. As such, the Commission respectfully requests that it be permitted by the Court to file a Motion for Alternative Service Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure by November 7, 2014. This will give the process in China an additional few weeks in the event the papers do get served, but will provide for an appropriate contingency plan to move this case forward on the Court's docket.

Respectfully,

Sheldon L. Pollock

*Ordered*

Any such motion for alternative service may be filed on 11/7/14.

K. B. For
WSDJ

9/19/14