UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                     Plaintiff,      :    12 Civ. 1316 (KBF)
         -against-                   :    [rel. 11-cv-02598]
                                     :
MING ZHAO and LIPING ZHU,            :    ECF
                                     :
                     Defendants.     :
------------------------------------------------------------------------x

## DECLARATION OF KURT GRESENZ

I, Kurt Gresenz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen years. The facts I set forth below are based upon my personal knowledge or upon information contained in the files of the U.S. Securities and Exchange Commission ("Commission").

2. I am a lawyer in the Commission's Office of International Affairs ("OIA"). I am a member in good standing of the bar of the District of Columbia. My job title is Assistant Director. My duties include, among other things, working with the Commission's foreign counterparts, and other foreign authorities, in connection with Commission enforcement matters that involve foreign jurisdictions.

3. In my capacity as Assistant Director at OIA, I am familiar with efforts to serve legal documents on persons and entities located in the Peoples' Republic of China ("China") pursuant to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). Among other things, I have worked with the Commission's Division of Enforcement on matters involving these efforts; coordinated directly with Division of

Enforcement staff on relevant matters; signed letters to the Central Authority in China in connection with these efforts; and reviewed Commission records detailing these efforts from January 2012 to the present.

4. Since January 2012, Commission staff has requested that China's Central Authority complete seventy separate acts of service upon parties in China in connection with thirty-one Commissions cases (both U.S. federal district court civil actions and Commission administrative proceedings). To the best of my information as of the date of execution of this declaration, the results of these efforts are as follows:

- The Central Authority reports that it has only successfully completed service in sixteen instances;
- The Central Authority reports that it tried to complete service in thirty-six additional instances, but that its efforts were not successful. In connection with these failed service attempts, the passage of time between the Central Authority's receipt of the Commission's service request and the attempted service reportedly ranged from approximately three to twelve months; and
- Of the remaining eighteen instances for which the Commission requested service under the Hague Service Convention, Commission staff is not aware of any other service attempts, whether successful or unsuccessful. In addition, the requests for these eighteen acts of service have been pending anywhere from approximately one to twenty months.

5. The Commission has experience attempting to serve via newspapers in China without success. In one case, the Commission tried four different Chinese newspapers and none would publish the Commission's notice. I am informed that one newspaper declined

because of libel concerns; a second because it was a Communist party newspaper and it would be inappropriate to publish the Commission's notice; a third because the SEC was a foreign organization and did not have a representative in China; and a fourth based on internal legal advice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2014
Washington, DC.

_____
Kurt Gresenz