UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                      Plaintiff,     :      12 Civ. 1316 (DLC)
      -against-                      :
                                     :      ECF
MING ZHAO and LIPING ZHU,            :
                                     :
                      Defendants.    :
------------------------------------------------------------------x

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS MING ZHAO AND LIPING ZHU

Upon the papers submitted in support of the Plaintiff Securities and Exchange Commission's request for an Order to Show Cause why default judgment should not be entered against Defendants Ming Zhao ("Zhao") and Liping Zhu ("Zhu") (collectively, "Defendants"), the docketed entries and all submissions in this matter, and the findings of the Court:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 promulgated thereunder [17 C.F.R. §§ 240.14a-3 and 240.14a-9]:

(a) by failing to furnish each person solicited, concurrently or previously, with a written proxy statement accompanied or preceded by an annual report to security holders in compliance with the requirements of Rule 14a-3(b)(1) [17 C.F.R. §§ 240.14a-3(b)(1)]; or

(b) by making or causing to be made solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading

through the use of the means or instrumentalities of interstate commerce or of the mails, or of the facilities of a national securities exchange or otherwise.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, from:

    (a)    knowingly circumventing or failing to implement a system of internal accounting controls; or

    (b)    knowingly falsifying any book, record, or account that were subject to Exchange Act Section 13(b)(2);

in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] promulgated thereunder.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 [17 C.F.R. § 240. 13b2-2] by:

    (1)    as an officer or director of an issuer required to file reports with the Commission, directly or indirectly,

        (a)    making or causing to be made a materially false or misleading statement to an accountant in connection with; or

        (b)    omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

  (A) any audit, review, or examination of the financial statements of the issuer required to be made pursuant to the Commission's rules or otherwise; or

  (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the Commission's rules or otherwise; or

(2) taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of an issuer that are required to be filed with the Commission, pursuant to the Commission's rules or otherwise, where Defendants knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Zhu and Zhu's agents, accountants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by knowingly signing required certifications of reports filed with the Commission that contain any false statements of material fact or omit to state a material fact necessary to make the statement not misleading.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a), 15 U.S.C. § 78m(b)(2)(A) and 15 U.S.C. § 78m(b)(2)(B)] and Rules 13a–1, 13a–13 and 12b–20 promulgated thereunder [17 C.F.R. §§ 240.13a–1, 240.13a–13, 240.12b–20], by knowingly or recklessly providing substantial assistance to any issuer that

(a) fails to file with the Commission factually accurate and complete annual and quarterly reports as required pursuant to Section 13(a) of the Exchange Act, and Rules 13a–1 and 13a–13 promulgated thereunder;

(b) fails to file with the Commission material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading as required by Rule 12b-20;

(c) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer as required by Section 13(b)(2)(A); or

(d) fails to devise and maintain a sufficient system of internal accounting controls as required by Section 13(b)(2)(B).

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange

Act [15 U.S.C. § 78m(a), 15 U.S.C. § 78m(b)(2)(A) and 15 U.S.C. § 78m(b)(2)(B)] and Rules 13a–1, 13a–13 and 12b–20 thereunder [17 C.F.R. §§ 240.13a–1, 240.13a–13, 240.12b–20], by:

(a) failing to file with the Commission factually accurate and complete annual and quarterly reports as required pursuant to Section 13(a) of the Exchange Act , and Rules 13a–1 and 13a–13 promulgated thereunder;

(b) failing to file with the Commission material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading as required by Rule 12b-20;

(c) failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer as required by Section 13(b)(2)(A); or

(d) failing to devise and maintain a sufficient system of internal accounting controls as required by Section 13(b)(2)(B),

unless Defendants act in good faith and do not directly or indirectly induce the act or acts constituting the violation.

### IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C.§ 78u(d)(2)], Defendants are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are joint and severally liable for disgorgement of $133,582,250.84, representing their ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,582,250.84, additional disgorgement for Zhao of $33,471.50, representing his additional ill-gotten gain as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,224.71, additional disgorgement for Zhu of $108,248, representing his additional ill-gotten gain as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,264.73, and a civil penalty in the amount of $ 116,000,000 for Zhao and $ 1,200,000 for Zhu pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(u)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78j(b)]. To the extent that Zhao or Zhu disgorge any of the $133,582,250.84 in ill-gotten gains pursuant to this Final Judgment, the disgorgement amount applicable to the individual making the disgorgement payment as well as the other individual shall be correspondingly reduced. Defendants shall satisfy the foregoing payment obligations by making payment to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Zhao or Zhu as Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 24, 2015

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT COURT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____